UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In Re <br>     Elliotte Patrick Coleman, <br>     Debtor. <br><br> ELLIOTTE PATRICK COLEMAN, <br><br>     Appellant, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC., <br><br>     Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | <br><br><br><br><br><br><br> Civil Action No. 09-1592 (RMC) |

**MEMORANDUM OPINION**

Elliotte Patrick Coleman, proceeding *pro se*, appeals from an order of the bankruptcy court granting summary judgment to Countrywide Home Loans, Inc. Mr. Coleman filed a notice of appeal with the U.S. District Court on July 1, 2009. Mr. Coleman thereafter moved for recusal of the undersigned, which the Court denied, and Mr. Coleman now intends to appeal to the Supreme Court after the D.C. Circuit denied his appeal. To date, Mr. Coleman has yet to file a brief or any papers which speak to the merits of the instant matter. Countrywide Home Loans, Inc. ("Countrywide") has twice moved to dismiss the case for lack of jurisdiction and for failure to timely file a brief. Upon consideration of the motions and the entire record, the Court will grant the motion to dismiss.

**I. FACTS**

On May 11, 2009, the United States Bankruptcy Court for the District of Columbia granted summary judgment to Countrywide in a proceeding below. *See Coleman v. Countrywide*

*Home Loans, Inc.* (*In re Coleman*), Adv. Pro. No. 07-10022 (Bankr. D.D.C. May 11, 2009) [Dkt. # 54]. On June 2, 2009, Mr. Coleman asked for an extension of time to file a notice of appeal. *See Id.* [Dkt. # 59]. Although his motion for an extension of time was opposed, Mr. Coleman filed a notice of appeal with the U.S. District Court for the District of Columbia on July 1, 2009. *See Id.* [Dkt. # 62]. On July 15, 2009, the Bankruptcy Court denied the motion for an extension of time pursuant to Federal Rule of Bankruptcy Procedure 8001. *See Id.* (Mem. Op. & Order) [Dkt. ## 68, 69]. The Bankruptcy Court noted that Mr. Coleman had until May 21, 2009 to file a timely notice of appeal pursuant to Fed. R. Bankr. P. 8002(a)[1]. Pursuant to Fed. R. Bankr. P. 8002(c)(2), the Bankruptcy Court could only entertain Mr. Coleman's untimely motion upon a showing of excusable neglect. *See Id.* [Dkt. # 68] at 2. The Bankruptcy Court determined that Mr. Coleman had failed to meet his burden of showing excusable neglect and denied his motion for an extension of time. *See Id.* at 10.

On August 21, 2009, the record on appeal was transmitted to the District Court. *See Id.* [Dkt. # 77]. After being assigned to this Court, Mr. Coleman filed motions on August 28, 2009 and September 9, 2009, seeking recusal of the undersigned. *See* [Dkt. ## 3, 4, 5]. On September 16, 2009, recusal was denied and Mr. Coleman was granted until September 30, 2009, to file a brief. *See* [Dkt. # 7]. On October 9, 2009, after Mr. Coleman failed to timely file a brief, the Court ordered him to show cause by October 23, 2009, why the Court should not dismiss the case pursuant to Fed. R. Bankr. P. 8002(a)(1), which requires that an appellant serve and file its brief within 15 days after

---

[1] Effective December 1, 2009, Fed. R. Bankr. P. 8002(a) was amended to allow for a timely notice of appeal to be filed within 14 days of the date of the entry of the judgment, order, or decree to be appealed from. While the 14 day deadline does not apply to this case, Mr. Coleman's filing would not have been timely under the amendment as the notice was filed more than 14 days after entry of judgment.

entry of the appeal. *See* [Dkt. # 8]. On October 23, 2009, Mr. Coleman moved for an extension of time to show cause, advising the Court that he had filed a mandamus action in the Circuit Court of Appeals seeking recusal of the undersigned. *See* [Dkt. # 9]. Thereafter, on October 29, 2009, Countrywide moved to dismiss the appeal for lack of jurisdiction. *See* Mot. to Dismiss [Dkt. # 10]. On December 30, 2009, the Court of Appeals denied Mr. Coleman's petition for a writ of mandamus. *See In re Coleman*, No. 9-5390 (D.C. Cir. Dec. 30, 2009). In accordance with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), this Court then advised Mr. Coleman of his obligation to respond to Countrywide's motion to dismiss or face the prospect that the motion may be granted as conceded. *See* [Dkt. # 12]. The Court gave Mr. Coleman until January 19, 2010, to respond to the Court's order to show cause and to file a response to the motion to dismiss. *See Id.* Mr. Coleman was warned that failure to comply with the order could lead to dismissal of his appeal. *See Id.*

On January 19, 2010, Mr. Coleman petitioned the Circuit Court of Appeals to rehear his petition for a writ of mandamus. Mr. Coleman simultaneously filed a motion here seeking an extension of time to show cause and to respond to the motion to dismiss until after the Circuit rendered its decision. *See* [Dkt. # 13]. The Circuit denied his petition per curiam on April 8, 2010. *See In re Coleman*, No. 9-5390 (D.C. Cir. Apr. 30, 2009).

On April 22, 2010, Mr. Coleman moved, yet again, for an indefinite extension of time to show cause and to respond to the motion to dismiss so he could petition the Supreme Court in mandamus to recuse the undersigned. *See* [Dkt. # 14]. The Court entered a Minute Order on April 23, 2010, giving Mr. Coleman until May 14, 2010, to show cause and respond to Countrywide's motion to dismiss – with a clear warning that no further extensions would be granted and that failure

to file a response could lead to dismissal of the case. *See* Minute Entry Order, Apr. 23, 2010. Mr. Coleman has failed to file any response. Instead, Mr. Coleman filed a notice that he is seeking a stay of the case by the Circuit pending his petition to the Supreme Court to recuse the undersigned. *See* [Dkt. # 17].

## II. LEGAL STANDARD

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). While it is true that a court has an "obligation to construe *pro se* filings liberally, . . . ." *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004),[2] clear indications of a lack of jurisdiction will lead to dismissal.

---

[2] *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers . . ."); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (noting that this less stringent standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure, . . . ").

## III. DISCUSSION

### A. Federal Rule of Bankruptcy Procedure 8002

Federal Rule of Bankruptcy Procedure 8002 requires a party to file a notice of appeal within ten days after the judgment or order to be appealed from is entered. Fed. R. Bankr. P. 8002(a). A party may move the bankruptcy court for an extension of time to file a notice of appeal before the time has expired, or no later than twenty days after expiration of the time upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(c)(2). Many circuit courts have found that a failure to timely file a notice of appeal is a jurisdictional defect barring appellate review. *See, e.g.*, *Siemon v. Emigrant Savs. Bank (In re Siemon)*, 421 F.3d 167 (2d Cir. 2005) (noting that untimely filings are a jurisdictional matter, even for *pro se* appellants); *In re LBL Sports Ctr., Inc.*, 684 F.2d 410, 412 (6th Cir. 1982) (recognizing that time limit in predecessor rule 8002(a) was jurisdictional); *Robinson v. Robinson (In re Robinson)*, 640 F.2d 737, 738 (5th Cir. 1981) (same); *Ramsey v. Ramsey (In re Ramsey)*, 612 F.2d 1220, 1222 (9th Cir. 1980) (same); *In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992) (same). Furthermore, the advisory committee's note to rule 8002(a) clarified that the rule is an "adaptation" of rule 4(a) of the Federal Rules of Appellate Procedure. Fed. R. Bankr. P. 8002 advisory committee's note. It is established that the time limit prescribed by Fed. R. App. P. 4(a) is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978) (internal quotation marks omitted); *see also Bowles v. Russell*, 551 U.S. 205 (2007).

However, the Supreme Court has recently injected some doubt into whether Rule 8002 is jurisdictional in nature. In a string of cases, the Supreme Court has held that federal rules prescribing mandatory filing deadlines only deprive a court of jurisdiction where the deadline was statutorily created. If a deadline lacks a statutory foundation, but is born of the judiciary

through the federal rules, then the rule is an inflexible claim-processing rule, which is obligatory if invoked, but forfeited by a failure to bring a timeliness objection. *See Kontrick v. Ryan*, 540 U.S. 443, 452-56 (2004) (holding that Fed. R. Bankr. P. 4004(a) is a non-jurisdictional claim-processing rule); *Eberhart v. United States*, 546 U.S. 12, 15-17 (2005) (same for Fed. R. Crim. P. 33); *Bowles*, 551 U.S. at 209-13 (holding that failure to abide by Fed. R. App. P. 4 deprives a court of jurisdiction as the rule echoed the deadlines set forth in 28 U.S.C. § 2107). In the wake of these cases, neither the D.C. Circuit nor the Supreme Court has spoken to whether Fed. R. Bankr. P. 8002 is a jurisdictional bar or a claim-processing rule.

At least one circuit has found that the deadline in Rule 8002 is statutorily established and reaffirmed its earlier holding that Fed. R. Bankr. P. 8002 remains a jurisdictional hurdle. *See In re Latture*, No. 09-6016, 2010 U.S. App. LEXIS 10276 (10th Cir. May 20, 2010). The Third Circuit recently revisited its earlier holding in *In re Universal Minerals, Inc.*, 755 F.2d 309 (3d Cir. 1985), and noted that it was now unclear whether failure to comply with Rule 8002 is a jurisdictional defect or a "non-jurisdictional 'claim-processing rule' that is mandatory when invoked by a party, but subject to waiver if no timeliness objection is raised." *In re Fryer*, 235 Fed. Appx. 951, 953 (3d Cir. 2007). The *Fryer* Court did not resolve the ambiguity because even if the Rule were non-jurisdictional, the district court had correctly dismissed an untimely appeal as the appellee had invoked Rule 8002 in moving to dismiss on timeliness grounds. *Id.*

In this case, Mr. Coleman asked the Bankruptcy Court for an extension of time to file a notice of appeal twenty-two days after that Court had entered final judgment. As the ten-day deadline for filing a motion had passed, *see* Fed. R. Bankr. P. 8002(a), Mr. Coleman could only proceed with his untimely appeal to this Court if he demonstrated excusable neglect. *See* Fed. R.

Bankr. P. 8002(c)(2). The Bankruptcy Court found that Mr. Coleman had not shown excusable neglect and denied his motion to extend the time to file a notice of appeal. Therefore, Mr. Coleman's notice of appeal, filed with the District Court on July 1, 2009, was untimely. If Rule 8002 is jurisdictional in nature, this Court lacks subject-matter jurisdiction to hear Mr. Coleman's appeal and may dismiss the matter *sua sponte*. Assuming, *arguendo*, that Rule 8002 is a claim-processing rule, the Court must still dismiss the matter as Countrywide invoked the Rule in raising a timeliness objection to the notice of appeal in its motion to dismiss. *See* Mot. to Dismiss [Dkt. # 10] at 3.

### B. Federal Rule of Bankruptcy Procedure 8009

Federal Rule of Bankruptcy Procedure 8009 requires that an Appellant serve and file a brief within fifteen days after entry of the appeal. *See* Fed. R. Bankr. P. 8009.[3] Federal Rule of Bankruptcy Procedure 8001 and Local Rule 8009-1 authorize district courts to dismiss appeals when appellants file untimely briefs. *See* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal . . . is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."); LCvR 8009-1 ("If, after an appeal has been noted . . . , the appellant fails to serve and file a brief within the time required by Bankruptcy Rule 8009, the District Court may, upon motion of the appellee . . . , or upon its own order, dismiss the appeal for failure to comply with [the time limit]."). However, the D.C. Circuit disfavors summary dismissal for procedural violations and instead requires a district court to "consider[] the circumstances before [it] and explain[] why it is

---

[3] Like Fed. R. Bankr. P. 8002, Rule 8009 was amended effective December 1, 2009, providing that an appellant shall serve and file a brief within 14 days after entry of the appeal.

in the interest of justice to dismiss rather than to proceed to the merits." *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1022 (D.C. Cir. 2004) (noting that a court, as a first measure, usually issues an order to show cause when a party fails to timely file a brief); *see also Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 9 (D.D.C. 2004) (noting the Circuit's "preference for an adjudication on the merits and a corresponding disfavor for resolving litigation by default[]"). Nonetheless, dismissal is warranted after a party has ignored repeated orders by a court to file a brief. For instance, in *In re AOV Industries, Inc.*, the D.C. Circuit upheld a district court's dismissal due to appellant's failure to file a brief. *See* 798 F.2d 491, 494 (D.C. Cir. 1986). Following a ten-month delay, the district court ordered the appellant to file a brief or face dismissal. The district court dismissed the case after the appellant failed to properly respond to the order and ignored a subsequent motion to dismiss. *Id.*

After entry of the notice of appeal on August 21, 2009, Mr. Coleman was granted an initial extension of time to file a brief, yet failed to comply with the Court's order. The Court responded by ordering Mr. Coleman to show cause why the case should not be dismissed for failure to timely file a brief. *See* [Dkt. # 8]. Mr. Coleman responded with a motion to extend time. *See* [Dkt. # 9]. Following the second extension of time, Countrywide moved the court to dismiss the case. *See* [Dkt. # 10]. Following Mr. Coleman's unsuccessful appeal of the Court's denial of his motion for recusal, the Court reminded Mr. Coleman of his obligation to respond to the order to show cause and the motion to dismiss, and warned that failure to do so could result in dismissal. *See* [Dkt. # 12]. Mr. Coleman responded twice more to deadlines set by the Court, not with responses, but with motions to extend time. The last extension of time, granted on April 23, 2010, made clear that no further extensions would be granted and that failure by Mr.

Coleman to file his responses by May 14, 2010, could lead to dismissal of the matter. *See* Minute Entry Order on April 23, 2010. Mr. Coleman did not respond, except to notice the Court that he is pursuing an appeal to the Supreme Court. *See* [Dkt. # 17]. Following this notice, Countrywide renewed its motion to dismiss. *See* [Dkt. # 18]. Therefore, despite four substantial extensions of time, Mr. Coleman has yet to file a brief, or any other papers concerning his appeal. This simply is not a case where the Court is considering dismissal for a simple procedural mistake or a slight delay, as efforts to obtain a response from Mr. Coleman have proven fruitless. Justice does not prevent dismissal as Mr. Coleman's failure to file *any* brief is just one of several infirmities with this appeal.[4]

### C. Local Rule 7(b)

Local Rule 7(b) provides a similar route for dismissal for failure to prosecute. Pursuant to the rule, the Court may treat as conceded any motion not opposed within the time limits. *See* LCvR 7(b). Local Rule 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions . . . ." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004); *see also Weil v. Seltzer,* 873 F.2d 1453, 1459 (D.C. Cir. 1989) (appellant who failed to file response within time prescribed by Local Rule 7(b)'s predecessor "is deemed to have waived his opposition" to the motion and "may not now complain on appeal"). Therefore, much like dismissal for failure to prosecute, Local Rule 7(b) allows for a court to manage its docket and to rule on motions where one party is lax in responding, or fails to respond altogether. Mr. Coleman has placed this litigation on hold since the entry of the notice of appeal on August 21,

---

[4] It also appears that Mr. Coleman has failed to comply with Fed. R. Bankr. P. 8006 by failing to file a designation of issues to be presented on appeal and items to be included in the record. *See also* Part A, *supra*, Part C, *infra*.

2009, and has failed to respond to Countrywide's motion to dismiss despite explicit warnings that Local Rule 7(b) applies to the instant matter. In accord with Local Rule 7(b), the Court will grant Countrywide's motion to dismiss as conceded.

### IV. CONCLUSION

Based on Mr. Coleman's untimely notice of appeal, his refusal to file a brief or show cause, and his failure to respond to Countrywide's motion to dismiss despite notice that the motion could be granted as conceded, this case will be dismissed. A memorializing Order accompanies this Memorandum Opinion.

Date: June 2, 2010                               /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge